# Dorsey v. Dumas's Heirs.

### Motion to vacate Judgment of Affirmance.

*Affirmance for want of assignment of errors.* — An affirmance for want of an assignment of errors, rendered at the second term after the cause was docketed, will not be set aside and vacated, on motion, on the ground that the failure to assign errors was the result of forgetfulness on the part of counsel, superinduced by the omission of the clerk to enter their names on the docket at the said second term.

MOTION to set aside an affirmance of the judgment at the June term, 1872, for want of an assignment of errors.

RICE, JONES & WILEY, for the motion.

ELLIS & CALDWELL and S. K. McSPADDEN, *contra*.

PER CURIAM. — The appeal in this cause was taken to the January term, 1872, of this court. The record was filed at that term, the cause docketed, an appearance entered for the appellants, and a continuance had. At the June term, 1872, the cause was docketed, but the clerk omitted to enter the name of the counsel appearing for the appellants; and a judgment of affirmance, for want of an assignment of errors, was rendered. The appellants now move to vacate that judgment, alleging that the failure to assign errors was the result of forgetfulness on the part of their counsel, superinduced by the omission of the clerk to enter their appearance on the docket of the June term, 1872. In *Waters* v. *Creagh*, 4 St. & Port. 81, this court declared it would not encourage an omission to assign errors, by setting aside judgments taken for want of an assignment, though, under *very peculiar circumstances*, such judgments would be vacated. If it could be admitted that the omission to assign error at the June term, 1872, was sufficiently accounted for, there is no sufficient reason shown for the failure to assign at the preceding January term, when the assignment should properly have been made. If forgetfulness of parties or counsel should be admitted as a sufficient reason for vacating judgments, it would be difficult to determine what diligence should

[Moody v. Bibb.]

be by the court exacted from suitors, or where diligence ceased, and negligence was imputable. The forgetfulness of counsel of his employment would scarcely be received by a court of law as a ground for a new trial; and it cannot be received here, *as a peculiar circumstance*, authorizing the vacation of a judgment of affirmance. The application is overruled.